BEER, Judge,
dissenting.
I respectfully dissent.
The majority concludes that the bus “lurched forward in a jerky motion,” but the trial judge was unable to resolve the controversy in the testimony regarding the question of whether or not the bus started with a jerk or jolt. To me, this signals a failure on plaintiff’s part to prove that critical fact. If that fact had been proven to the trial judge’s satisfaction, I would vote to affirm.
I cannot agree that a prima facie case of negligence existed simply because the bus driver started the bus before everyone was seated or, alternatively, gripping a handrail, even though some passengers had obviously boarded the bus wearing shoes that were wet on the bottoms because of inclement weather.
This would, in my view, impose an unacceptable burden on public transit for, under such rationale, all bus drivers would be obliged to implement a procedure where, either by use of an internal rear view mirror or craning their necks around from the driving position or leaving their seat and looking back into the bus, they checked passengers’ positions as well as the availability and use being made of handrails before embarking from each and every bus stop during inclement weather when passengers were boarding wearing wet shoes and/or carrying umbrellas that still showed signs of having been used in the rain.
The imposition of a requirement of this nature on the part of bus drivers who are already — particularly in inclement weather — charged with the responsibility of seeing that their passengers have been properly boarded and have paid their correct fare (and, in some instances, been issued a transfer) and who must, in spite of the inclement weather, maintain a reasonable semblance of a schedule while, in addition, taking into account and responding to all of the driving and traffic precautions that are properly required of them is, in my view, onerous.
I believe that the requirement that public transit be held to the “highest degree of vigilance, care and skill” is being so overextended by interpretation as to threaten the very existence of this essential service.
Since the trial judge’s conclusions do not, in my view, support a finding that the bus lurched forward in a jerky motion and since I am unwilling to engraft even broader and more onerous interpretations of the duty owed by public transit to its passengers onto those already in existence, I respectfully dissent.